JOHN L. BURRIS, Esq.  SBN 69888
DeWITT M. LACY, Esq. SBN 258789
**THE LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile:   (510) 839-3882
john.burris@johnburrislaw.com
dewitt.lacy@johnburrislaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA C. SMITH, individually and as joint successor-in-interest to Decedent BERNARD PETERS, JR.; THE ESTATE OF BERNARD PETERS, JR.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF OAKLAND; and DOES 1-25, inclusive, individually, jointly and severally, and in their official capacities as police officers for the CITY OF OAKLAND Police Department,<br><br>Defendants. | CASE NO.:<br><br>PLAINTIFFS' COMPLAINT FOR WRONGFUL DEATH AND VIOLATION OF CIVIL RIGHTS AND DAMAGES<br><br>**JURY TRIAL DEMANDED** |

## **INTRODUCTION**

1. This case arises out of the unlawful detention, arrest, assault and wrongful death of BERNARD PETERS, JR. at the hands of CITY OF OAKLAND, police officers.

## JURISDICTION

2. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Section 1331 and 1343. The unlawful acts and practices alleged herein occurred in the County of Alameda, California which is within this judicial district.

## PARTIES

3. Plaintiff herein, SONYA C. SMITH, is, and at all times herein mentioned was a citizen of the United States. Plaintiff is the surviving mother of Decedent, BERNARD PETERS, JR.

4. THE ESTATE of BERNARD PETERS, JR. is represented by and through, SONYA C. SMITH, the decedent's mother and personal representative of the ESTATE of BERNARD PETERS.

5. Defendant CITY OF OAKLAND is, and at all times mentioned herein, a municipal entity, duly organized and existing under the laws of the State of California.

6. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages sustained by plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

7. Plaintiffs are required to comply with an administrative tort claim requirement under California law. Plaintiffs have complied with all such requirements.

## STATEMENT OF FACTS

8. The incident took place on May 29, 2013 at approximately 2:00 p.m. on the 2400 block of Richie Street in Oakland, California. The Decedent, twenty-two year old BERNARD PETERS, JR., was a passenger in a vehicle with two other male acquaintances.

9. Oakland Police Officers attempted to stop the vehicle pursuant to a "crime-reduction program" near 90th Avenue and Plymouth Street. The car continued to drive to 77th Avenue and Bancroft. PETERS, JR. and two others exited the car and ran in three separate directions. One of the

Defendant DOE officer(s) shot an unarmed PETERS, JR., several times from behind PETERS, JR. while PETERS, JR. ran away from law enforcement officers. Witness accounts of the homicide also note that PETERS, JR. was unarmed when the Defendant DOE officer(s) shot him.

10. PETERS, JR. was shot several times after he began running across the 2400 block of Ritchie Street. Emergency personnel transported PETERS to Highland hospital in Oakland. Shortly thereafter, doctors pronounced PETERS, JR. dead. Police did not find any weapons in the car.

11. Plaintiffs are informed and believe and thereon allege that CITY OF OAKLAND and DOES 11-25, inclusive, breached their duty of care to the public in that they have failed to discipline the involved defendant DOE officers 1-10 inclusive, for their respective misconduct and involvement in the incident described herein. Their failure to discipline defendants: Defendant DOE officers 1-10 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of racial profiling, the use of excessive and/or deadly force and the fabrication of official reports to cover up defendants' defendant DOE officers 1-10's inclusive, misconduct.

12. Plaintiffs are informed and believe and thereon allege that members of the CITY OF OAKLAND POLICE DEPARTMENT, including, but not limited to, Defendants DOES 1-10 and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, including, but not limited to decedent, BERNARD PETERS, JR.

13. Plaintiffs are further informed, believe and thereon allege that as a matter of official policy -- rooted in an entrenched posture of deliberate indifference to the constitutional rights of primarily the minority citizens who live in the CITY OF OAKLAND-- defendant CITY OF OAKLAND has long allowed its citizens, such as decedent BERNARD PETERS, JR. to be abused by its police officers, including by DOES 1-10 and/or each of them, individually and/or while acting in concert with one another.

14. Plaintiffs are informed, believe and thereon allege that the CITY OF OAKLAND POLICE DEPARTMENT has a history of using excessive force to carry out corrupt schemes and motives. The CITY OF OAKLAND'S failure to discipline or retrain any of the involved officers is evidence

of an official policy, entrenched culture and posture of deliberate indifference toward protecting citizen's rights and the resulting false arrests and injuries is a proximate result of the CITY OF OAKLAND'S failure to properly supervise its police officers.

15. Plaintiffs are informed, believe and thereon allege that CITY OF OAKLAND knew, had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

## DAMAGES

16. As a consequence of Defendants' violation of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourteenth Amendment, Plaintiff SONYA C. SMITH, was mentally and emotionally injured and damaged as a proximate result of decedent's wrongful death, including but not limited to: Plaintiffs' loss of familial relations, decedent's society, comfort, protection, companionship, love, affection, solace, and moral support.

17. Plaintiff, ESTATE OF BERNARD PETERS, JR., by and through, SONYA C. SMITH, the personal representative of PETERS, JR.'S Estate, are entitled to recover wrongful death damages pursuant to C.C.P. §§ 377.60 and 377.61 and Probate Code §6402(b). Additionally, plaintiffs are entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61.

18. Plaintiff, ESTATE OF BERNARD PETERS, JR., is entitled to recover damages by and through SONYA C. SMITH, the personal representative of decedent's estate pursuant to his right of survivorship for the pain and suffering he endured as a result of the violation of his civil rights.

19. As a further direct and proximate result of Defendants' intentional and/or negligent conduct, Plaintiffs SONYA C. SMITH, has been deprived of decedent's support.

20. Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of decedent and Plaintiffs' rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

## FIRST CAUSE OF ACTION

### Violation of Fourth Amendment of the United States Constitution

### (42 U.S.C. §1983)

### (ESTATE of BERNARD PETERS, JR. v. DOES 1-10, inclusive)

21. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 20 of this Complaint.

22. Deputies conduct violated the decedent's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### Violation of Fourth Amendment of the United States Constitution

### (42 U.S.C. §1983)

### (ESTATE of BERNARD PETERS, JR. v. DOES 1-10, inclusive)

23. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 22 of this Complaint.

24. Defendants' above-described conduct, wherein it is alleged that Deputies detained decedent without reasonable suspicion, violated decedent's right as provided for under the Fourth Amendment to the United States Constitution to be free from unlawful seizure (detention).

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

### Violation of Fourth Amendment of the United States Constitution

### (42 U.S.C. §1983)

### (ESTATE of BERNARD PETERS, JR. v. DOES 1-10, inclusive)

25. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24 of this Complaint.

26. Defendants' above-described conduct, wherein it is alleged that Deputies arrested decedent without probable cause violating his rights as provided for under the Fourth Amendment to the United States Constitution to be free from unlawful seizure (arrest).

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### Violation of Fourth Amendment of the United States Constitution

### (42 U.S.C. §1983)

### (ESTATE of BERNARD PETERS, JR. v. DOES 1-10, inclusive)

27. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 of this Complaint.

28. Defendants' above-described conduct violated decedent's right as provided for under the Fourth Amendment to the United States Constitution to be free from excessive force and/or the arbitrary and/or unreasonable use of deadly force against him.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Conspiracy to Violate Decedent's Civil Rights)

### (42 U.S.C. §1985)

### (ESTATE of BERNARD PETERS, JR. v. DOES 1-10, inclusive)

29. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 28 of this Complaint.

30. In doing the acts complained of herein, Defendants acted in concert and conspired to violate decedent's federal civil rights to be free from unreasonable seizures and excessive and/or arbitrary force.

31. Defendants had knowledge of the wrongs conspired to be done and committed and had the power to prevent or aid in preventing the commission of the same. None of the Defendants attempted to prevent and/or stop the violation of the decedent's civil rights.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### (Wrongful Death)

### (42 U.S.C. §1983)

### (ESTATE of BERNARD PETERS, JR., and SONYA C. SMITH v. DOES 1-10, inclusive)

32. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 31 of this Complaint.

33. Defendants acted under color of law by shooting and killing decedent without lawful justification and subjecting decedent to excessive force thereby depriving Plaintiff and the decedent of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

    b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendments to the United States Constitution;

    c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

**(Violations of Plaintiffs' Civil Rights to Familial Relationship)**

**(42 U.S.C. § 1983)**

**(SONYA C. SMITH v. DOES 1-10, inclusive)**

34. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 41 of this Complaint as though fully set forth;

35. Defendants, acting under color of state law, and without due process of law, deprived Plaintiffs of their right to a familial relationship by seizing decedent by use of unreasonable, unjustified and deadly force and violence, causing injuries which resulted in decedent's death, all without provocation and did attempt to conceal their excessive use of force and hide the true cause of decedent's demise to deprive Plaintiff of her right to seek redress, all in violation of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

///

///

# EIGHTH CAUSE OF ACTION

## (Monell)

## (42 U.S.C. §1983)

### (ALL PLAINTIFFS v. CITY OF OAKLAND and DOES 11-25, inclusive)

36. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 35 of this Complaint.

37. As against Defendants CITY OF OAKLAND, and/or DOES 11-25 and/or each of them, individually and/or in their capacities as official policy-maker(s) for CITY OF OAKLAND, including the CITY OF OAKLAND Police Department, Plaintiffs further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of Defendant CITY OF OAKLAND tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens, such as Plaintiffs.

38. Plaintiffs are informed and believe and thereon allege that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by defendants CITY OF OAKLAND and DOES 11-25 and/or each of them, to the repeated violations of the constitutional rights of citizens by CITY OF OAKLAND police officers, which have included, but are not limited to, repeated acts of: making false reports, providing false and/or misleading information in causing detentions, arrests, imprisonments and/or malicious prosecutions based on fabricated and/or misleading statements and/or engaging in similar acts of misconduct on a repeated basis and failure to institute and enforce a consistent disciplinary policy and/or early warning system.

39. Plaintiffs are further informed and believe and thereon allege that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by defendants CITY OF OAKLAND and DOES 11-25 and/or each of them, to the repeated violations of the constitutional rights of citizens by CITY OF OAKLAND police officers, which have included, but are not limited to, using excessive and/or deadly force on a repeated basis.

40. Plaintiffs are further informed and believe and thereon allege that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but

were not limited to, the failure to adequately or appropriately hold officers accountable for their misconduct, the failure to properly and fairly investigate complaints about officers' misconduct, the failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent continuing violations of the rights of citizens.

41. The aforementioned deliberate indifference, customs, policies or practices of defendants CITY OF OAKLAND and DOES 11-25, and/or each of them, resulted in the deprivation of the constitutional rights of the decedent and plaintiffs, including, but not limited to, the following:

    a. the right not to be deprived of life, liberty or property without Due Process of Law;

    b. the right to be free from unreasonable searches and/or seizures; and/or,

    c. the right to equal protection of the law,

    d. the right to familial relationships,

    e. the right to enjoy civil and statutory rights,

    f. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

42. As a result of the violation of their constitutional rights by defendants DOES 1-10 and/or each of them, Plaintiffs sustained the injuries and/or damages as alleged heretofore in this Complaint.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION

**(Survival action: Violation of decedent's civil rights)**

**(42 U.S.C. §1983)**

**(ESTATE of BERNARD PETERS, JR. v. DOES 1-10, inlclusive)**

43. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 42 of this Complaint.

44. BERNARD PETERS, JR. was forced to endure great conscious pain and suffering because of the Defendants' conduct before his death;

45. BERNARD PETERS, JR. did not file a legal action before his death;

46. Plaintiff, SONYA C. SMITH, personal representative of the ESTATE OF BERNARD PETERS, JR. claim damages for the conscious pain and suffering incurred by BERNARD PETERS, JR., as provided for under 42 U.S.C. §1983.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## TENTH CAUSE OF ACTION

### (Wrongful Death - Negligence)

### (C.C.P. §377.60 and 377.61)

### (SONYA C. SMITH v. DOES 1-10, inclusive)

47. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 54 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

48. Defendants and DOES 1-10 inclusive, by and through their respective agents and employees, proximately caused the death of decedent BERNARD PETERS, JR., said Plaintiff SONYA C. SMITH'S son, on May 29, 2013 as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

49. As an actual and proximate result of said defendants' negligence, and the death of decedent, Plaintiff SONYA C. SMITH, have sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of her son, decedent, in an amount according to proof at trial.

50. As a further actual and proximate result of said defendants' negligence, Plaintiff incurred funeral and burial expenses, in an amount according to proof at trial.

51. Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiff has brought this action, and claims damages from said defendants for the wrongful death of decedent, and the resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## ELEVENTH CAUSE OF ACTION

### (Violation of Decedent's Right To Enjoy Civil Rights)

**(Violation of CALIFORNIA CIVIL CODE §52.1)**

**(ESTATE of BERNARD PETERS, JR. v. DOES 1-20, inclusive)**

52. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51 of this Complaint.

53. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with decedent's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**TWELFTH CAUSE OF ACTION**

**(Violation of Decedent's State Statutory Rights)**

**(Violation of CALIFORNIA CIVIL CODE §51.7)**

**(ESTATE of BERNARD PETERS v. DOES 1-10, inclusive)**

54. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 53 of this Complaint.

55. Plaintiff is informed and believes and thereon alleges that the conduct of Defendants was motivated by prejudice against BERNARD PETERS, JR.  Plaintiff is and was readily recognizable as African-American.  In engaging in such conduct, Defendant violated decedent's rights under California Civil Code §51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

56. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §51.7, reasonable attorney's fees and an additional $25,000.00.

57. As a proximate result of Defendants wrongful conduct, decedent suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

///

///

## THIRTEENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### (ESTATE of BERNARD PETERS, JR. v. DOES 1-10, inclusive)

58. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 57 of this Complaint.

59. Defendants' above-described conduct was extreme, unreasonable and outrageous.

60. In engaging in the above-described conduct, defendant intentionally ignored or recklessly disregarded the foreseeable risk that decedent would suffer extreme emotional distress as a result of defendants conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTEENTH CAUSE OF ACTION

### (Assault And Battery)

### (ESTATE of BERNARD PETERS, JR. v. DOES 1-10, inclusive)

61. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 60 of this Complaint.

62. Defendants' above-described conduct constituted assault and battery.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## **JURY DEMAND**

63. Plaintiffs hereby demand a jury trial in this action.

## **PRAYER**

WHEREFORE, Plaintiffs prays for relief, as follows:

1. For general damages in a sum according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For funeral and burial expenses according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants DOES 1 through 25 and/or each of them;

5.  For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6.  For cost of suit herein incurred; and

7.  For such other and further relief as the Court deems just and proper.

**LAW OFFICES OF JOHN L. BURRIS**

**Dated:  June 17, 2014**          /s/ *DeWitt M. Lacy*
                                    **DeWITT M. LACY, Esq.**
                                    **Attorney for Plaintiffs**
                                    **SONYA C. SMITH, et al.**