UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONJA C. SMITH, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE CITY OF OAKLAND,<br><br>    Defendant. | Case No. 14-cv-02808-SI<br><br>**ORDER ON PREPARATION FOR MOTION TO WITHDRAW AS COUNSEL**<br><br>Re: Dkt. No. 47 |

On December 2, 2015, attorneys John L. Burris and DeWitt M. Lacey ("movants") filed a motion to withdraw as counsel of record for plaintiff Sonia C. Smith. Dkt. 47. The movants declare that good cause exists to warrant the withdrawal; namely, that "irreconcilable differences" with plaintiff prevent them from managing and directing the course of litigation. *Id.* at 2. Defendants do not oppose the motion. The Court will hear this matter on January 22, 2016 at 2:00 p.m. in conjunction with a previously scheduled case management conference.

The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record if: (1) written notice has been given reasonably in advance to the client and all other parties in the action; and (2) the attorney obtains leave of Court. Civil L.R.11-5(a). However, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes . . . unless and until the client appears by other counsel or pro se." Civil L.R. 11-5(b).

In this district, the conduct of counsel, including the withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California. Civil L.R. 11-4(a)(1); *see Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). California Rule of Professional Conduct 3-700(C) provides several enumerated grounds pursuant to which counsel may properly seek to withdraw from a representation. One of these grounds is that "[t]he client . . . by other conduct renders it unreasonably difficult for the member to carry out the employment effectively." Cal.

Rule of Prof. Conduct 3-700(C)(l)(d).

Before counsel can withdraw, counsel must comply with California Rule of Professional Conduct 3-700(A)(2), which provides that counsel shall not withdraw from employment until the member has taken steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with Rule 3-700(D) (regarding papers), and complying with applicable laws and rules. *El Hage v. U.S. Sec. Assocs., Inc.*, 2007 WL 4328809, at *1 (N. D. Cal. Dec. 10, 2007).

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when considering a motion for withdrawal, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case. *Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N. D. Cal. Sept. 15, 2010).

The Court is unable to discern, based on counsel's limited description of the breakdown in the attorney-client relationship, if withdrawal is appropriate at this stage of litigation. Without more than movants' conclusive statement that "irreconcilable differences" exist, the Court will not permit such a withdrawal. Counsel should accordingly be prepared at the January 22, 2016 hearing on this motion to discuss: (1) the specific reason that irreconcilable differences have arisen; (2) possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case. Counsel should also be prepared to inform the Court whether substitute counsel has been located or whether plaintiff has agreed to appear pro se going forward.

**IT IS SO ORDERED**.

Dated: January 14, 2016

_____
SUSAN ILLSTON
United States District Judge

2